No. 103,536

In the Matter of WILLIAM MICHAEL GENTRY, *Respondent*.
(227 P.3d 956)

Opinion filed March 26, 2010.

*Stanton A. Hazlett*, Disciplinary Administrator, argued the cause, and *Frank D. Diehl*, deputy disciplinary administrator, was with him on the formal complaint for the petitioner.

*William Michael Gentry*, respondent, argued the cause pro se.

*Per Curiam*: This is an original proceeding in discipline filed by the office of the Disciplinary Administrator against the respondent, William Michael Gentry, of Kansas City, Missouri, an attorney admitted to the practice of law in Kansas in 1993. The respondent's license to practice law in the state of Kansas has been administratively suspended since October 13, 2005, for failure to comply with the annual requirements to maintain his license.

On June 10, 2009, the office of the Disciplinary Administrator filed a formal complaint against the respondent, alleging violations of the Kansas Rules of Professional Conduct (KRPC). The respondent did not file an answer to the formal complaint. A hearing was held on the complaint before a panel of the Kansas Board for Discipline of Attorneys on September 23, 2009, where the respondent was personally present. The hearing panel determined that respondent violated KRPC 1.15(b) (2009 Kan. Ct. R. Annot. 507) (safekeeping property); 8.1(b) (2009 Kan. Ct. R. Annot. 594) and Kansas Supreme Court Rule 207(b) (2009 Kan. Ct. R. Annot. 303) (failure to cooperate in disciplinary investigation); and Kansas Supreme Court Rule 211(b) (2009 Kan. Ct. R. Annot. 321) (failure to file answer in disciplinary proceeding). Upon conclusion of the hearing, the panel made the following findings of fact and conclusions of law, together with its recommendation to this court:

### "FINDINGS OF FACT

. . . .

"2. On October 13, 2005, the Kansas Supreme Court suspended the Respondent's license to practice law because the Respondent failed to comply with the

annual requirements to maintain his license. The Respondent's license has not been reinstated to date.

"3. Randall Davis was involved in a car accident with Jodi Arrellin. At the time, Mr. Davis was not covered by insurance. Ms. Arrellin sued Mr. Davis in small claims court and obtained a judgment in the amount of $1,800.00, plus costs and interest. As a result, Mr. Davis' driver's license was suspended. Until the judgment is satisfied, Mr. Davis is not eligible for a Kansas driver's license.

"4. Jeanette Day, Mr. Davis' mother, contacted the Respondent to see if the Respondent could assist them in obtaining the reinstatement of Mr. Davis' driver's license.

"5. The Respondent agreed to assist them. The Respondent contacted Ms. Arrellin to determine whether she was willing to take an amount less than the judgment entered or whether she was willing to enter into a payment plan. Ms. Arrellin refused both propositions.

"6. Based upon Ms. Arrellin's position, the Respondent instructed Ms. Day to save her money and when she had some money saved, he would try again. The Respondent agreed to serve as a 'bank' for Ms. Day. From time to time, Ms. Day would forward a sum of money to the Respondent. The Respondent was to hold the money in trust so that once Ms. Day had accumulated enough money, the Respondent would again try to negotiate with Ms. Arrellin. Over time, Ms. Day accumulated $980.00 in the 'bank.'

"7. Subsequently, Mr. Davis was charged with a probation violation in Smith-ville, Missouri. The Respondent agreed to assist Mr. Davis with the probation violation matter. The Respondent did not discuss the matter of a fee with Mr. Davis or Ms. Day.

"8. Later, Ms. Day attempted to contact the Respondent to see if he had any luck getting Ms. Arrellin to agree to accept a sum less than the judgment or to accept a payment plan. The Respondent did not return Ms. Day's telephone calls. Eventually, Ms. Day became frustrated with the Respondent's lack of communi-cation and she demanded the return of the money in the 'bank.' [Footnote: It should be noted that the Respondent's license to practice law in Kansas was sus-pended on October 13, 2005 and the Respondent would have been unable to continue to assist in negotiating the settlement of Mr. Davis' case.]

"9. The Respondent told Ms. Day that he was busy right then but that he would get the money together and put it into the mail to Ms. Day. The Respondent never provided the funds that he was to be holding in trust for Ms. Day.

"10. At the hearing on this matter, the Respondent testified that he used the money Ms. Day paid to fund the representation he provided to Mr. Davis during the probation violation proceeding. The Respondent testified that while he be-lieved he had earned the $980.00, he agreed to reimburse the Client Protection Fund.

"11. Ms. Day filed a complaint against the Respondent with the Disciplinary Administrator's office. Additionally, Ms. Day filed a request with the Client Pro-

tection Fund for reimbursement for the $980.00 that the Respondent should have held in trust for her. The Client Protection Fund paid Ms. Day $980.00.

"12.    Initially, the Disciplinary Administrator's office attempted to handle the disciplinary complaint informally. The Disciplinary Administrator forwarded a letter to the Respondent requesting a response to the initial complaint. The Respondent failed to provide a response to the initial complaint.

"13.    As a result, the Disciplinary Administrator's office docketed the case for investigation. The complaint was forwarded to the Wyandotte County Ethics and Grievance Committee. H. Reed Walker was assigned to investigate the case.

"14.    On November 10, 2008, Mr. Walker wrote to the Respondent requesting a response to the initial complaint. The Respondent failed to provide a written response to the initial complaint or otherwise respond to Mr. Walker's letter.

"15.    On December 22, 2008, Mr. Walker again wrote to the Respondent requesting that the Respondent provide a written response to the initial complaint. The Respondent, again, failed to provide such a response.

"16.    Because the Respondent had not provided a written response to the initial complaint or otherwise responded, Mr. Walker called the Respondent. The Respondent assured Mr. Walker that he would provide a written response to the initial complaint by the end of the week. The Respondent never provided a written response to the initial complaint.

"17.    On June 10, 2009, the Disciplinary Administrator filed a Formal Complaint in this case. The Respondent failed to file an Answer to the Formal Complaint.

## "CONCLUSIONS OF LAW

"1.    Based upon the findings of fact, the Hearing Panel concludes as a matter of law that the Respondent violated KRPC 1.15, KRPC 8.1(b), Kan. Sup. Ct. R. 207, and Kan. Sup. Ct. R. 211, as detailed below.

"2.    Lawyers must keep the property of their clients safe. *See* KRPC 1.15(b). In this case, the Respondent failed to properly safeguard Ms. Day's money when he failed to deposit the $980.00 into his client trust account and maintain it in his client trust account until Ms. Davis requested distribution. The Respondent also violated KRPC 1.15(b) when he apparently converted Ms. Day's money to his own use. As such, the Hearing Panel concludes that the Respondent violated KRPC 1.15(b).

"3.    Lawyers must cooperate in disciplinary investigations. KRPC 8.1(b) and Kan. Sup. Ct. R. 207(b) provide the requirements in this regard. '[A] lawyer in connection with a . . . disciplinary matter, shall not: . . . knowingly fail to respond to a lawful demand for information from [a] . . . disciplinary authority, . . .' KRPC 8.1(b).

'It shall be the duty of each member of the bar of this state to aid the Supreme Court, the Disciplinary Board, and the Disciplinary Administrator in investigations concerning complaints of misconduct, and to communicate to

the Disciplinary Administrator any information he or she may have affecting such matters.' Kan. Sup. Ct. R. 207(b).

The Respondent knew that he was required to forward a written response to the initial complaint he had been instructed to do so in writing by the Disciplinary Administrator and by the attorney investigator and he had assured the attorney investigator that he would provide a response. Because the Respondent knowingly failed to provide a written response to the initial complaint filed by Ms. Day as requested by the Disciplinary Administrator and the attorney investigator, the Hearing Panel concludes that the Respondent violated KRPC 8.1(b) and Kan. Sup. Ct. R. 207(b).

"4.    The Kansas Supreme Court Rules require attorneys to file Answers to Formal Complaints. Kan. Sup. Ct. R. 211(b) provides the requirements:

'The Respondent shall serve an answer upon the Disciplinary Administrator within twenty days after the service of the complaint unless such time is extended by the Disciplinary Administrator or the hearing panel.' Kan. Sup. Ct. R. 211(b).

In this case, the Respondent violated Kan. Sup. Ct. R. 211(b) by failing to file a written Answer to the Formal Complaint and by failing to file a written Answer to the Supplement to the Formal Complaint. Accordingly, the Hearing Panel concludes that the Respondent violated Kan. Sup. Ct. R. 211(b).

## "AMERICAN BAR ASSOCIATION
## STANDARDS FOR IMPOSING LAWYER SANCTIONS

"In making this recommendation for discipline, the Hearing Panel considered the factors outlined by the American Bar Association in its Standards for Imposing Lawyer Sanctions (hereinafter 'Standards'). Pursuant to Standard 3, the factors to be considered are the duty violated, the lawyer's mental state, the potential or actual injury caused by the lawyer's misconduct, and the existence of aggravating or mitigating factors.

"*Duty Violated.* The Respondent violated his duty to his client to properly safeguard [her] property. The Respondent also violated his duty to the legal profession to cooperate in disciplinary investigations.

"*Mental State.* The Respondent knowingly violated his duties.

"*Injury.* As a result of the Respondent's misconduct, the Respondent caused actual injury to Ms. Day. However, the Client Protection Fund abated Ms. Day's injury.

"*Aggravating or Mitigating Factors.* Aggravating circumstances are any considerations or factors that may justify an increase in the degree of discipline to be imposed. In reaching its recommendation for discipline, the Hearing Panel, in this case, found the following aggravating factors present:

"*Dishonest or Selfish Motive.* The Respondent failed to properly safeguard and apparently converted Ms. Day's $980.00 to his own use. Conversion is a dishonest and selfish act.

"*Bad Faith Obstruction of the Disciplinary Proceeding by Intentionally Failing to Comply with Rules or Orders of the Disciplinary Process.* By failing to provide a written response to the initial complaint or an Answer to the Formal Complaint the Respondent obstructed the disciplinary proceeding.

"*Vulnerability of Victim.* The Hearing Panel had the opportunity to observe Ms. Day's testimony and demeanor. It is difficult to imagine a more vulnerable victim.

"*Substantial Experience in the Practice of Law.* The Respondent was admitted to the practice of law in the state of Kansas in 1993. At the time the misconduct began, the Respondent had been practicing law for 12 years. Accordingly, the Hearing Panel concludes that the Respondent had substantial experience in the practice of law.

"*Indifference to Making Restitution.* The Respondent had ample opportunity to refund the money he held in trust for Ms. Day. The Respondent failed to do so. To date, the Respondent has not reimbursed the Client Protection Fund.

"Mitigating circumstances are any considerations or factors that may justify a reduction in the degree of discipline to be imposed. In reaching its recommendation for discipline, the Hearing Panel, in this case, found the following mitigating circumstances present:

"*Absence of a Prior Disciplinary Record.* The Respondent has not previously been disciplined in Kansas or Missouri.

"*The Present and Past Attitude of the Attorney as Shown by His or Her Cooperation During the Hearing and His or Her Full and Free Acknowledgment of the Transgressions.* At the hearing on this matter, the Respondent acknowledged his misconduct.

"*Remorse.* The Respondent expressed remorse at the hearing on the Formal Complaint.

"In addition to the above-cited factors, the Hearing Panel has thoroughly examined and considered the following Standards:

'7.2    Suspension is generally appropriate when a lawyer knowingly engages in conduct that is a violation of a duty owed as a professional, and causes injury or potential injury to a client, the public, or the legal system.'

## "RECOMMENDATION

"The Disciplinary Administrator recommended that the Respondent be indefinitely suspended. The Respondent did not object to the Disciplinary Administrator's recommendation. The Respondent requested only that he not be disbarred.

"Based upon the findings of fact, conclusions of law, and the Standards listed above, the Hearing Panel unanimously recommends that the Respondent be suspended from the practice of law for an indefinite period of time. The Hearing Panel further recommends that the Respondent pay the Client Protection Fund $980.00 within 60 days of the date of this report.

"Costs are assessed against the Respondent in an amount to be certified by the office of the Disciplinary Administrator."

## DISCUSSION

In a disciplinary proceeding, this court considers the evidence, the findings of the disciplinary panel, and the arguments of the parties and determines whether violations of KRPC exist and, if they do, what discipline should be imposed. Attorney misconduct must be established by clear and convincing evidence. *In re Lober*, 288 Kan. 498, 505, 204 P.3d 610 (2009); see Supreme Court Rule 211(f) (2009 Kan. Ct. R. Annot. 321). Clear and convincing evidence is " 'evidence that causes the factfinder to believe that "the truth of the facts asserted is highly probable." ' " 288 Kan. at 505 (quoting *In re Dennis*, 286 Kan. 708, 725, 188 P.3d 1 [2008]). The evidence before the hearing panel establishes the charged misconduct of the respondent by clear and convincing evidence and supports the panel's conclusions of law. We therefore adopt the panel's findings and conclusions.

## CONCLUSION AND DISCIPLINE

IT IS THEREFORE ORDERED that William Michael Gentry be indefinitely suspended from the practice of law in the state of Kansas, effective upon the filing of this opinion, in accordance with Supreme Court Rule 203(a)(2) (2009 Kan. Ct. R. Annot. 272).

IT IS FURTHER ORDERED that the respondent shall comply with Supreme Court Rule 218 (2009 Kan. Ct. R. Annot. 361), and in the event the respondent would seek reinstatement, he shall comply with Supreme Court Rule 219 (2009 Kan. Ct. R. Annot. 376).

IT IS FURTHER ORDERED that the costs of these proceedings be assessed to the respondent and that this opinion be published in the official Kansas Reports.

DAVIS, C.J., not participating.
JOHN E. SANDERS, District Judge, assigned.